UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LIONEL WHITE,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, and<br>PACIFIC SHIP REPAIR AND<br>FABRICATION, INC.,<br><br>            Defendants. | CASE NO. 11-5536 RJB<br><br>ORDER ON PLAINTIFF'S MOTION<br>FOR PARTIAL SUMMARY<br>JUDGMENT ON THE<br>AFFIRMATIVE DEFENSE OF<br>CONTRIBUTORY NEGLIGENCE |

This matter comes before the Court on the Plaintiff's Motion for Partial Summary Judgment on the Affirmative Defense of Contributory Negligence. Dkt. 40. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

Plaintiff Lionel White filed this case to recover for injuries he sustained after tripping and falling while working on the Puget Sound Naval Shipyard, Dry Dock No. 6. Dkt. 16. In his pending motion, Plaintiff seeks a partial summary judgment on the issue of contributory negligence, asserting that Defendants United States and Pacific Ship Repair and Fabrication Inc.,

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THE
AFFIRMATIVE DEFENSE OF CONTRIBUTORY
NEGLIGENCE- 1

1  cannot show that his pre-existing medical conditions caused or contributed to his trip and fall

2  incident.  Dkt. 40.  Plaintiff's motion should be denied because there are issues of fact as to

3  whether his medical conditions caused or contributed to his fall.

4  I.       <u>FACTS AND PROCEDURAL HISTORY</u>

5  **A.  FACTS**

6       On December 15, 2008, Plaintiff was working for Amsec, a subcontractor for Pacific

7  Ship Repair and Fabrication, Inc.("PacShip"), on Puget Sound Naval Shipyard's ("PSNS") Dry

8  Dock No. 6.  Dkt. 16.  Plaintiff was assigned to the fire watch.  *Id.*  Around 6:15 a.m., he picked

9  up a large fire extinguisher and walked along the pier to his assigned station aboard the U.S.S.

10  EMORY S. LAND.  Dkt. 42-1, at 33-35.  It was dark.  Dkt. 42-1, at 36.  Near the gangway,

11  Plaintiff felt his foot stop, and fell, injuring his shoulder.  *Id.*  He states that he "was just walking

12  along there at a normal pace and put [his] foot out on the next step and it stopped and down [he]

13  went."  Dkt. 42-1, at 38.  Plaintiff states that he looked around and believed that he tripped on a

14  bolt or "stud" embedded in the walking surface.  Dkt. 42-1, at 38 and 40.  As a result of his fall,

15  Plaintiff's states that his right rotator cuff was torn.  Dkt. 40-1, at 6.

16       As is relevant for this motion, at the time of the incident, Plaintiff was 5'7" tall and

17  weighed 276 pounds.  Dkt. 42-1, at 24.  He had surgery on his toe less than two weeks before his

18  accident, had left knee pain, and a leg length discrepancy which caused an alteration in his gait.

19  Dkt. 41-1, at 11-16.  He also suffered from blurry vision and a loss in sensation in both feet from

20  uncontrolled diabetes.  Dkt. 42-1, at 25-27.  He was colorblind.  Dkt. 42-1, at 2.

21       Both Defendants allege in their Answers that Plaintiff's injuries were caused by his own

22  negligence.  Dkts. 19 and 24.

23  **B.  PENDING MOTION**

24

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THE
AFFIRMATIVE DEFENSE OF CONTRIBUTORY
NEGLIGENCE- 2

1    In his pending motion, Plaintiff seeks an order summarily dismissing Defendants'

2  contributory negligence defense to the extent that defense is based on Plaintiff's preexisting

3  medical conditions.  Dkt. 40.  Plaintiff argues that none of the "medical reports from the date of

4  the incident or any investigative report surrounding the incident refers to [his] preexisting

5  medical conditions as having any causal connection to the trip and fall."  *Id.*  He argues that no

6  experts or other evidence have been disclosed to support the contention that his medical

7  conditions contributed to his fall.  *Id.*  He asserts, accordingly, that because Defendants rely on

8  "speculation and conjecture" as to whether his preexisting medical conditions caused (or

9  partially caused his fall, their defense should be dismissed.  *Id.*

10    The United States responds and argues that Washington tort law, made applicable to it

11  though the Federal Tort Claims Act, now uses a comparative fault scheme and has abolished

12  contributory negligence.  Dkt. 43.  It argues that it is unclear under Washington's comparative

13  fault statute, RCW 4.22.005, whether comparative fault is an affirmative defense such that the

14  Court may enter a "judgment" in Plaintiff's favor, particularly since Plaintiff does not argue that

15  his comparative fault should wholly be removed from consideration.  *Id.*  The United States

16  argues further, that in any event, Plaintiff's health conditions are relevant to the cause of his fall

17  and raise questions of his own comparative fault for choosing to work that day and not tell his

18  supervisor of his health conditions.  *Id.*  It argues that the fact that Plaintiff had toe surgery less

19  than two weeks prior to the accident, was morbidly obese, was suffering from a lack of sensation

20  in his feet due to diabetic neuropathy, and had additional trouble walking due to left knee pain

21  and a leg length discrepancy, all of which was relevant to the cause of his fall.  *Id.*  Further, it

22  contends that Plaintiff's color blindness, which causes him difficulty in seeing an object when it

23  is on a background of a similar color, was also relevant to the cause of his fall.  *Id.*

24

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THE
AFFIRMATIVE DEFENSE OF CONTRIBUTORY
NEGLIGENCE- 3

1       PacShip files a Response, and argues that Plaintiff's motion should be denied because it

2 is effectively a motion in limine, seeking not to dismiss the comparative fault defense, but

3 instead to exclude certain evidence at trial. Dkt. 41. PacShip argues that evidence of Plaintiff's

4 physical problems is relevant to determining the cause of Plaintiff's fall. *Id.* It asserts that it is

5 not necessary to have expert medical testimony because the determination of whether Plaintiff's

6 recent foot surgery, other gait issues, color blindness, and weight caused his fall lie within the

7 common knowledge and experience of the trier of fact. *Id.*

8 SUMMARY JUDGMENT STANDARD

9       Summary judgment is proper only if the pleadings, the discovery and disclosure materials

10 on file, and any affidavits show that there is no genuine issue as to any material fact and that the

11 movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is

12 entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

13 showing on an essential element of a claim in the case on which the nonmoving party has the

14 burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue

15 of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

16 for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

17 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

18 metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a

19 material fact exists if there is sufficient evidence supporting the claimed factual dispute,

20 requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*

21 *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

22 *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

23

24

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THE
AFFIRMATIVE DEFENSE OF CONTRIBUTORY
NEGLIGENCE- 4

1    The determination of the existence of a material fact is often a close question.  The court

2    must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

3    e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect.*

4    *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

5    of the nonmoving party only when the facts specifically attested by that party contradict facts

6    specifically attested by the moving party.  The nonmoving party may not merely state that it will

7    discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

8    to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

9    Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

10   be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

11   ## II. <u>DISCUSSION</u>

12   The statute under which defendants assert their comparative fault defense, RCW

13   4.22.005, provides:

14
15       In an action based on fault seeking to recover damages for injury or death to
         person or harm to property, any contributory fault chargeable to the claimant
         diminishes proportionately the amount awarded as compensatory damages for an
         injury attributable to the claimant's contributory fault, but does not bar recovery.

16
17   Washington defines "fault" as follows:

18       "Fault" includes acts or omissions, including misuse of a product, that are in any
         measure negligent or reckless toward the person or property of the actor or others,
         or that subject a person to strict tort liability or liability on a product liability
19       claim. The term also includes breach of warranty, unreasonable assumption of
         risk, and unreasonable failure to avoid an injury or to mitigate damages. Legal
20       requirements of causal relation apply both to fault as the basis for liability and to
         contributory fault.

21
22       A comparison of fault for any purpose under RCW 4.22.005 through 4.22.060
         shall involve consideration of both the nature of the conduct of the parties to the
         action and the extent of the causal relation between such conduct and the
23       damages.

24
ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THE
AFFIRMATIVE DEFENSE OF CONTRIBUTORY
NEGLIGENCE- 5

1       Plaintiff's motion for summary dismissal of Defendants' defense of comparative fault

2 (Dkt. 40) should be denied.  Defendants have shown that there are issues of fact as to whether

3 Plaintiff's medical conditions caused his fall and whether he was also comparatively at fault for

4 choosing to work that day and failing to inform his supervisor of his physical limitations.

5 Plaintiff has not shown that he is entitled to a judgment as a matter of law.

6       To the extent that Plaintiff's motion is intended to be a motion to exclude consideration

7 of evidence of all his medical conditions at trial, the motion should be denied without prejudice.

8 Considerations of what evidence is admissible should be determined at the time of trial.

9 **III.   <u>ORDER</u>**

10       Therefore, it is hereby **ORDERED** that:

11       Plaintiff's Motion for Partial Summary Judgment on the Affirmative Defense of

12 Contributory Negligence (Dkt. 40) **IS DENIED;** and

13       To the extent that Plaintiff intends his motion to be a motion to exclude all medical

14 evidence, his motion **IS DENIED WITHOUT PREJUDICE**.

15       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

16 to any party appearing pro se at said party's last known address.

17       Dated this 6th day of November, 2012.

18

19

20       ROBERT J. BRYAN
      United States District Judge

21

22

23

24

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THE
AFFIRMATIVE DEFENSE OF CONTRIBUTORY
NEGLIGENCE- 6